## George Morrison v. Ephraim Riker.

*Justice's courts: Oral admission: Evidence.* An oral admission made as evidence merely, in a justice's court, is not a matter of record.

*Admission: Evidence: Appeal.* Such admission, made in open court after issue joined, in the absence of mistake or misapprehension, is conclusive for the purpose of the particular trial, but it does not preclude an appeal, and on the trial of the appeal it would be the subject of evidence, like an oral confession anywhere else.

*Justice's courts: Appeal: Return: Oral confession: Judgment: Payment.* A recital in the return of a justice to an appeal, that the "defendant confessed verbally that judgment should be rendered against him, for the amount due up to date," on the note sued upon, does not conclude the defendant; such con-

fession does not cut off his right of appeal from a judgment rendered upon it, especially where the judgment is for less than the face of the note, thus indicating that payments had been made, the amount of which would still be the proper subject of proof.

*Heard January 8.     Decided January 14.*

Error to Bay Circuit.

*Marston & Hatch,* for plaintiff in error.

*C. H. Freeman* and *J. W. McMath,* for defendant in error.

COOLEY, J.

. Riker sued Morrison before a justice of the peace, and declared on a promissory note, purporting to be made by Morrison, for the payment of one hundred and sixty-five dollars.   Morrison pleaded the general issue, with notice of set-off, and procured an adjournment.   On the adjourned day the parties appeared, and the justice entered the proceedings on his docket as follows: "Defendant confessed verbally that judgment should be rendered against him, for the amount due up to date, on said note; whereupon said confession and request, I, the said justice, do hereby render judgment accordingly, in favor of the plaintiff and against the defendant, for the sum of one hundred and fifteen dollars and fifteen cents, as damages, and four dollars the costs of suit as taxed by me."   Morrison appealed from this judgment, and the justice made return of the proceedings substantially as they appear on the docket.   The circuit judge, on inspection of the return, came to the conclusion that the case was not appealable, and therefore dismissed the suit.

The basis for this decision was, that the party was conclusively bound by his admission in open court, and was not at liberty to dispute it afterwards.

There are some admissions in court which are of this conclusive nature.   Such are the admissions made by plead-

ings, by *cognovit* in courts of record, and by the confession of judgment in writing, which the statute provides may be received and acted upon by justices of the peace.    These, for the purposes for which they are made, work estoppels, and their correctness, so far as those purposes are concerned, is not to be drawn in question.    But an oral admission in court, after issue joined between the parties, is not generally of this binding and indisputable character.    It is evidence against the party making it, sufficient to warrant the court in acting upon it, to the exclusion of all other evidence which such party might offer tending to contradict or vary it; and in the absence of all pretense of mistake or misapprehension, the party, for the purposes of the particular trial, should be held concluded by his admission.

When, however, the case is removed to another court by appeal, for retrial upon the merits, it is different.    The oral confession is in no form before the appellate court, unless by some provision of law it becomes matter of record in the lower court, so as to be brought up by the appeal. In the absence of such provision, the oral confession in court, like an oral confession anywhere else, would be the subject of evidence, and while one party might prove it to have been made, the other might disprove the fact, or might show that it was different from what had been testified, or had been misapprehended.    No one man's understanding of it could be conclusive, even though he might be the judge who had acted upon it.

There is no provision of law which makes an oral admission in a justice's court a matter of record, where it is made as evidence merely.    The justice is not required to enter the evidence upon his docket, and if he does enter it, it is not thereby made evidence elsewhere.    This would clearly be the case, unless the admission appeared to be made for the purpose of covering the whole case, and

was designed to operate as a *cognovit*, and to dispense with any further evidence of the plaintiff's demand.

But to give the admission that effect, it must not only admit that the plaintiff has a demand, but it must either definitely fix the amount, or it must furnish the means of fixing it by some process of mere calculation.   Otherwise it is clear that no judgment has been confessed, and that the case is still open to, and requires evidence.

Now, the confession in this case was, according to the justice's docket, "that judgment should be rendered against him, the defendant, for the amount due upon said note up to date."    But what was the amount due upon the note? The confession does not. state, and gives no means of computing it.   It is clear that it was not the whole face of the note, for the judgment actually rendered was considerably less than that amount.    There must, consequently, have been payments, and these may or may not have been endorsed upon the note.    The amount of the payments was clearly the subject of proof, and we are at a loss to discover how the circuit judge reached the conclusion that, to permit the defendant to prove payments, would be inconsistent with his confession that judgment ought to be rendered against him for whatever was in fact due.    It is perfectly consistent with that confession, and with all the proceedings, that the amount of payments made upon the note, may have been the sole subject of contention between the parties, from the beginning, and that defendant expected to contest that point, after his confession.

The effect of the order of the circuit court is, to hold the defendant absolutely concluded by the justice's estimate of the amount due, though it does not appear that the defendant admitted that sum to be due, and it is just as consistent with what he did admit, that a dollar only, or any mere nominal sum, was all that was owing.   This

makes the confession cover, not only all it purports to cover, but also the justice's subsequent conclusions, the grounds of which we have no means of discovering, and we do not know that the defendant had.

We think that if the justice had treated the confession as an admission of the genuineness and validity of the note, leaving the amount due to be determined upon further evidence, he would have done all he was justified in doing by its terms. This being so, the confession, however established, could have no further effect in the circuit court. The right of appeal was clear, being expressly given by statute. The order dismissing the case, was consequently erroneous, and it must be reversed, with costs.

The other Justices concurred.